# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2021 WY 23

*October Term, A.D. 2020*

*February 3, 2021*

|  |  |
|---|---|
| **FREDERIK MARINUS TOMBROEK,**<br><br>**Appellant**<br>**(Defendant),**<br><br>**v.**<br><br>**THE STATE OF WYOMING,**<br><br>**Appellee**<br>**(Plaintiff).** | **S-20-0234** |

### ORDER AFFIRMING "ORDER DISMISSING DEFENDANT'S MOTION FOR DNA TESTING . . . ."

[¶ 1]   **This matter** came before the Court following the filing of "Defendant-Appellant's Opening Brief," which was filed *pro se* herein on January 21, 2021.  In 2008, Appellant was convicted of first-degree sexual assault.  That conviction was affirmed on direct appeal in *Tombroek v. State*, 2009 WY 126, 217 P.3d 806 (Wyo. 2009).  This matter began in June 2020, when Appellant filed a *pro se* "Motion to Grant Testing of DNA Evidence that was Purposely Suppressed and Withheld from Trial to be used under the 'Post-Conviction Determination of Factual Innocence Act', W.S. § 7-12-401 through 7-12-407."  Appellant did not file a petition claiming factual innocence.  On September 29, 2020, the district court entered its "Order Dismissing Defendant's Motion for DNA Testing to be Used Under W.S. § 7-12-401 through 7-12-407."  The district court wrote:

> Defendant requests the court order DNA testing on swabs obtained from the victim after the assault and he does so without having filed a petition.  For a court to have jurisdiction to hear a claim under the Factual Innocence Act, a defendant must file a petition that asserts a claim of factual innocence pursuant to section 403(b) above.  Defendant is asking the court to order testing of the swabs to create newly discovered evidence for his petition.  If DNA testing is required to verify the evidence alleged in a petition, the petitioner may seek the testing pursuant to W.S. § 7-19-401

through 7-19-406 in conjunction with the factual innocence petition. Wyo. Stat. Ann. § 7-12-403(g). Defendant is attempting to bring this motion under W.S. § 7-12-404(h), which allows the court to order forensic testing of available evidence upon motion, but this presupposes there is an underlying Petition. Reading the statute as a whole, it is clear this provision does not allow for a defendant to file a motion asking the court to discover new evidence for the defendant to use in a forthcoming Petition of Factual Innocence. The petition must have credible support showing innocence. W.S. §7-12-403(b). As it stands, there is no credible evidence showing innocence. The court does not have jurisdiction to hear a motion under the Act prior to the petition being filed, therefore, this motion must be denied.

Appellant took this appeal to challenge that order.

[¶ 2]   On December 15, 2020, Appellant's court-appointed appellate counsel e-filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). This Court subsequently entered an "Order Granting Motion for Extension of Time to File *Pro Se* Brief." This Court permitted Appellant to file a "*pro se* brief specifying the issues he would like the Court to consider in this appeal." Appellant subsequently filed his *pro se* "Defendant-Appellant's Opening Brief."

[¶ 3]   Now, following a careful review of that *pro se* brief, the record, and the "*Anders* brief" submitted by appellate counsel, this Court finds that appellate counsel's motion to withdraw should be granted and that this Court should affirm the district court's "Order Dismissing Defendant's Motion for DNA Testing to be used Under W.S. § 7-12-401 through 7-12-407." It is, therefore,

[¶ 4]   **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant Frederik Marinus Tombroek, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶ 5]   **ORDERED** that the Converse County District Court's September 29, 2020, "Order Dismissing Defendant's Motion for DNA Testing to be used Under W.S. § 7-12-401 through 7-12-407" be, and the same hereby is, affirmed.

[¶ 6]   **DATED** this 3rd day of February, 2021.

BY THE COURT:

/s/

**MICHAEL K. DAVIS**
**Chief Justice**